## NICHOLS v BRUCE

Ohio Appeals, 2nd Dist, Franklin Co

No 2127.   Decided Feb 16, 1932

Booth, Keating, Pomerene & Boulger, Columbus, for plaintiff in error.

Vorys, Sater, Seymour & Pease, Columbus, for defendant in error.

ALLREAD, J.

The defendant in the court below, L. J. Nichols, files a petition in error and assigns as error only the fact that the court improperly granted an order of election after the argument of the case. Counsel for the plaintiff in error contends that he did not argue the case as fully as he would if he had known that the Standard Sanitary Manufacturing Company was to be dismissed. It is claimed that whatever authority the court had to dismiss the case as to the Standard Sanitary Manufacturing Company, should have been entertained and decided upon before the arguments. These are the principal points made in behalf of the plaintiff in error.

It will be noted that although the court acted after the arguments were completed, it was still within the power of the trial court to open up the arguments as to any new matter arising out of the dismissal of the Standard Sanitary Manufacturing Company. There was no request on the part of counsel for the plaintiff in error to open up the argument, in view of the dismissal of said company. We think it is too late now, after the submission of the case to the jury to hold that counsel for plaintiff in error was prejudiced by what appears upon the face of the record to be a full argument of the case, and allow a reversal upon the ground that the counsel could have made a more direct and effective argument after the Standard Sanitary Manufacturing Company had been dismissed.

While the arguments are not before us, we are of opinion that they could have been of such a character as to meet all questions in the case and especially in the absence of an application for opening up of

the arguments, by counsel for the plaintiff in error, we can see no prejudicial effect.

We are therefore of opinion that the action of the trial court, in dismissing the Standard Sanitary Manufacturing Company from the case was within its discretion and it is not, in the absence of a showing of actual prejudice, erroneous.

Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.